State of Louisiana ex rel. Bach vs. Recorder of Conveyances.

---

### No. 8114.

STATE OF LOUISIANA EX REL. JOHN C. BACH vs. RECORDER OF CONVEYANCES.

The Register of Conveyances of the Parish of Orleans is by law bound to furnish to the Board of Assessors a monthly statement and certificate of all conveyances recorded in his office, without requiring stamps or making any charge therefor.

APPEAL from the Civil District Court, parish of Orleans. *Houston,* J.

C. F. *Buck* and *Wynne Rogers* for the Relator, Appellee.

L. *Arnauld,* Register of Conveyances, Respondent and Appellant, *propria persona.*

The opinion of the Court was delivered by

LEVY, J. The Board of Assessors of the State of Louisiana and parish of Orleans applied for and obtained a writ of mandamus, compelling L. Arnauld as Register of Conveyances for the parish of Orleans to furnish relators with a weekly statement and certificate of all conveyances and transfers of property and real rights recorded in the books of his office, or show cause to the contrary.

The defendant, the Recorder of Conveyances, for answer to relator's petition alleges, "that, under Art. 146 of the Constitution of 1879 and Act 136 of the General Assembly of 1880, he cannot legally comply with the demands of relators. That the said constitution and law inhibit him from issuing any copy or certificate without the required stamps are affixed thereto and appropriate the funds arising from said stamps to a special purpose which the Legislature or courts cannot divert therefrom."

On trial the mandamus was made peremptory, and the judgment of the court decreed "that the said L. Arnauld, Register of Conveyances for the parish of Orleans, be and he is hereby ordered and commanded to furnish relators with a weekly statement and certificate," etc., without requiring any stamp or stamps, or making any charge whatsoever.

The defendant has appealed from this judgment.

The objection made by the defendant to that portion of the judgment which requires the Register to furnish the Board of Assessors with a *weekly* statement and certificate of all conveyances and transfers and real rights recorded in his office, must be maintained. Sec. 3164 R. S. is as follows : " It shall also be the duty of the Register of Conveyances, *every month*, to transfer to the Board of Assessors of New Orleans, a list of all conveyances recorded in his office during the month." We are referred to no law changing this section and requiring *weekly* lists to be furnished, nor are we aware of any statutory enactment to that effect.

Defendant contends that the State is simply the trustee of the fund which she has created and directed to be set aside as a special fund out of which shall be paid, by preference, the judicial expenses of the parish of Orleans and the salaries and expenses of the officers designated in Art. 146 of the Constitution of 1879, and the State is inhibited by that article from making any payment to such officers except from such special fund, and from making any appropriation contrary to this provision.

He also contends that the State has fixed the costs and charges of all certificates, etc., which may be given by him, or issued from his office, and that Act 136 of 1880 requires: that the costs of the Register of Conveyances, as fixed by law, " shall be paid by a stamp or stamps, for the requisite amounts which shall be affixed as hereinafter provided; and no document shall be received, registered or recorded, certificates

or copies issued, or services rendered, unless the proper stamp or stamps have been so affixed." Also, that by law, " the City Council shall appropriate not more than $12,500 for the payment of the clerical forces and contingent expenses of the Board of Assessors," and he insists that " contingent expenses comprise also costs for stamps required by the Board."

It is admitted, in the record, that the City of New Orleans has agreed to pay the amount of $12,500, and the payment of the clerical force and expenses of the Board exhausts the amount, and is exclusive of the amount that would be necessary to pay for these certificates to be furnished by the Register, and that after the clerical force and contingent expenses are paid up to the 1st of January, 1881, there will be from $700 to $800 unexpended of the $12,500.

The City Attorney stated that this $800 would in all probability never be collected, and it is improbable that the clerical force would be paid in full.

The liability imposed upon and the appropriation required by the city are distinctly and unmistakably set forth, and nothing beyond the *express* requirements of the law can be exacted or should be demanded of her. That, payments to the Register for the certificates which the law requires him to furnish are or can be embraced under the head of *contingent* expenses is wholly inconsistent with the meaning of the term, " contingent expenses." The definitions of the word *contingent* by standard lexicographers and by law-writers are: 1st. " Happening by chance; not determined by any certain rule; not definite or fixed; uncertain; accidental: casual. 2d. *(Law)*. Dependent upon an uncertainty, as a *contingent* legacy. (Blackstone).

The furnishing of the monthly certificates is fixed definite, certain; is specially provided for in an act distinct from and independent of the provision in the Act of 1880, No. 77, which requires that the city " shall appropriate not more than $12,500 for the payment of the clerical force and contingent expenses of the Board. It seems to us that it would be a most latitudinarian construction to include under the head of this appropriation for contingent expenses of the board, and payment of its clerical force, the charges incident to separate and distinct services imposed by different enactments, which services are fixed and certain, although it is true the value or compensation for them, if due at all, may be fluctuating and varying in different months.

These *expenses* would be by no means contingent if an appropriation to defray them were made in the words: a certain amount " or so much thereof as may be necessary for that purpose." If any one is liable for these costs, it is not the city but the State.

Is the State liable? We think not. These services are imposed by the State upon one of her officers, for whom a stated salary is provided,

15

and this in lieu of fees and perquisites which had at one time been allowed. No law grants any compensation for the performance of the duties thus imposed. The service is imperatively required by the State itself, and it is but fair and reasonable to infer, in the absence of any provision made by her for the payment of these specific services, that the salary attached to the office of Register was intended to cover them. It may happen that the fund out of which his salary is to be paid may prove insufficient to satisfy the Register's just demand, but while much to be deplored, it is but one of many instances of disappointments experienced by those who hold office, and evokes sympathy and condolence without justifying unauthorized relief.

The reasons given for the judgment rendered by our brother of the District Court, are cogent, conclusive and in full accord with our own views. He says: " The Court considers it competent for the State to require officers to perform certain services for the State, without any compensation for their services. That such services should be regarded as appertaining to the position that the officer holds and one of the conditions under which he assumes to exercise the functions of his office, and to receive the emoluments thereof."

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be so amended as to require the Register of Conveyances of the parish of Orleans to furnish to the Board of Assessors a monthly instead of weekly statement and certificate of all conveyances and transfers of property and real rights recorded in the books of his office without requiring any stamp or stamps, or making any charge therefor, and in all other respects said judgment be affirmed; and that the appellee do pay the costs in both courts.