TRUYOL, RESPONDENT, *v.* THE MUNICIPALITY OF GUAYAMA, APPELLANT.

APPEAL from the District Court of Guayama.

No. 925.—Decided May 22, 1913.

MUNICIPAL ORDINANCE—INJUNCTION—JURISDICTION.—District courts have jurisdiction in cases involving the validity or nullity of municipal ordinances and may grant injunctions enjoining their enforcement. This doctrine is sustained by the opinion of this court in the case of *Property Owners' League* v. *City of San Juan*, 14 P. R. R., 85.

ID.—REGULATING SALE OF MEATS—POWERS OF MUNICIPAL COUNCIL.—A municipal council has no authority to pass an ordinance imposing on purveyors of meat for public consumption the obligation to accept and pay as their employes persons designated by the mayor and whom said employers cannot discharge when their interests are not protected.

ID.—ACTION TO ANNUL ORDINANCE—INJUNCTION—PRESCRIPTION.—When an injunction is applied for as an ancillary remedy in a suit brought to annul a municipal ordinance, the plea of prescription should be entered in opposition to the original complaint and not to the granting of the injunction.

ID.—PRESCRIPTION—ACTION TO ANNUL ORDINANCE.—The period of prescription of 30 days fixed in the second part of section 93 of the Municipal Act of March 8, 1906, is not applicable to an action to annul a municipal ordinance brought by a private individual who may deem himself injured thereby.

ID.—INJUNCTION—ACTION TO ANNUL ORDINANCE.—The bringing of an action to annul a municipal ordinance does not prevent the plaintiff from applying for a temporary injunction to enjoin the enforcement of said ordinance.

ID.—INJUNCTION—ACTION TO ANNUL ORDINANCE.—An injunction may issue against a municipal council enjoining the enforcement of a municipal ordinance sought to be annulled in the action.

ID.—ACTION TO ANNUL ORDINANCE—INJUNCTION—MUNICIPAL COUNCIL—MAYOR.—The issuing of a temporary injunction against a mayor in an action to annul a municipal ordinance brought against a municipal council when the petition

for the injunction is directed against said council is not error, as the mayor is the executive who enforces the resolutions of the municipal corporations and is its representative in judicial actions.

The facts are stated in the opinion.

*Mr. José C. Ramos* for appellant.

*Mr. Celestino Domínguez Rubio* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

A complaint having been filed by Miguel Truyol Borges in the District Court of Guayama praying for a decree annulling certain sections of certain municipal ordinances passed by the municipal council of said city, he filed at the same time a petition for an injunction to enjoin the enforcement of said attacked sections pending the decision of the original action. After having heard the parties, the court granted a temporary injunction, from which action the present appeal was taken by the municipal corporation of Guayama.

The original complaint alleges in substance that the defendant corporation owns a public market called "Plaza del Mercado," in which are established stands for the public sale of meats, fish, etc.; that among other things the plaintiff is engaged in the slaughter and sale of beef cattle for public consumption, for which purpose he occupies and pays rent for certain stands in the said market; that about the month of February, 1911, the defendant corporation by its municipal council passed an ordinance whose sections 1 to 7 require that persons who use the municipal slaughterhouse and occupy stands for the sale of meats shall obtain a license from the mayor, their application therefor to be accompanied by a certificate of good health from the sanitary authorities and an endorsement from two reputable persons vouching for the fitness of the applicants to fill the positions which they solicit, said licenses or permits to remain in force for 30 days and to be revocable for cause and the infraction of said ordinance to be punishable; that on September 28, 1911, another ordinance was passed and approved by the mayor,

sections 7, 32 and 40 of which provide that all the personnel employed in the slaughter of cattle and sale of meats shall be appointed by the mayor in accordance with the aforesaid ordinance and that if for any unforeseen reason the inspector be temporarily unable to utilize the services of an employe, the work for the time being shall be performed by any other qualified person, also that the mayor shall classify the employes who are to engage in the slaughtering of cattle and sale of meats; that as a consequence of these ordinances whenever the plaintiff brings in a head of cattle to be slaughtered and the beef to be sold to the public, the mayor of the defendant corporation appoints the employe who is to sell the meat belonging to the plaintiff and the plaintiff is required to pay him for his services; that on September 12, 1912, the plaintiff petitioned the council of the defendant corporation to repeal the said sections, which petition was denied according to a communication dated October 8.

The petition for an injunction refers to and is made a part of the former complaint, and alleges further that although the plaintiff pays the employe appointed by the mayor, as before stated, he cannot remove him in case he should fail to protect the plaintiff's interests; that while the said ordinance remains in force the plaintiff cannot engage in the slaughtering of cattle and sale of meat, although he has cattle which he had already bought and fattened and can use for no other purpose; that his interests are seriously damaged and he has no other remedy for protecting them during the pendency of the principal action than the obtaining of an injunction suspending the enforcement of the ordinance during that time. After adding that the municipal corporation derives no benefit from said ordinance, as the persons appointed by the mayor are not employes according to the budget nor are they included among those expressly assigned by law to municipalities, and after making some observations

on this point, the petition concludes with the prayer that the injunction be decreed.

The first ground of error alleged against the judgment appealed from is that the District Court of Guayama has no jurisdiction over the subject-matter of the original action to which the injunction is incident.

This assignment of error is founded on a wrong interpretation by the appellant of the opinion of this court in the case of *The Property Owners' League* v. *The City of San Juan,* 14 P. R. R., 85, the appellant's understanding being that it was there held that district courts are without jurisdiction to pass upon the validity of ordinances passed by city councils, while the fact is that it was there decided that courts lacked such jurisdiction in the absence of a real controversy between the parties. In that case it was said:

"The district court could not consider the abstract question of the legality or constitutionality of the city ordinance in a case brought to annul the ordinance.

  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"It has been held in California that, to secure the decision of a court on a question involving the constitutionality of a statute, the controversy must be a real one arising between the parties and presented in good faith, in the due course of litigation, and not merely to gratify the curiosity of counsel or of a party who procured it to be raised against himself by others having no real interest in the contest.

  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"In accordance with the authorities which we have cited, it is plain to our minds that the district court had no jurisdiction of this case, inasmuch as a suit cannot be maintained with the direct purpose of setting aside a statute without showing any *bona fide* case, independent of that abstract question, pending between the parties."

On the other hand, the fact that district courts have jurisdiction in cases involving the validity or nullity of municipal ordinances is so manifest as to render unnecessary a repetition now of what this court has said in other cases. See the

above-cited case and that of *Saldaña et al.* v. *The Municipal Council of San Juan,* 15 P. R. R., 36.

The second and third assignments of error are so intimately related as to admit of their consideration together. They are that the lower court erred in not sustaining the demurrer on the ground that the principal action for annulment and the incidental petition for an injunction did not state facts sufficient to constitute a cause of action as the municipal council was empowered to regulate the sale of meat.  The said council did not limit itself to regulating the sale of meat, but deprived the purveyors of the right to name their own employes and compelled them to accept necessarily the persons designated by the mayor, divesting them of the right to contract freely with the employes whom they paid and to discharge those whose services were unsatisfactory.

The market is public and all the inhabitants of the municipality have the right to use it as long as they observe the *lawful* ordinances regulating the same, but we fail to see that the defendant municipal corporation has the right to impose on the purveyors of meat for public consumption the obligation to accept and pay as their employes persons over whom they have no authority.

The public welfare supplies the right to exact that persons engaged in slaughtering beeves and selling the meat shall possess the hygienic conditions required by the sanitary authorities, but this does not authorize the mayor to name them and deprive the purveyor of this right, therefore the errors assigned and considered cannot be sustained.

The fourth error assigned refers to the prescription of the action.  This ground was pleaded likewise in the above-cited case of *Saldaña et al.* v. *The Municipal Council of San Juan* and we quote what this court there said as applicable here, viz.:

"* * *.  If this objection were good, it could not be made in opposition to the granting of the injunction, but it must be made in oppo-

sition to the relief sought in the original complaint. The injunction granted herein is an ancillary measure and only temporary, and should the plea of the statute of limitations be finally sustained, the injunction must fall with the complaint on which it is founded." 15 P. R. R., 44, 45.

But let us examine the statute on which the defendants base their plea that the cause of action, if any there were, was barred by the statute of limitation.

The section of the municipal law cited to sustain said plea is found in the Acts of 1906, page 136 thereof, and reads as follows:

"Section 93.—Any person resident within the limits of a municipality who believes himself injured by any ordinance or resolution or act of a municipal council, or of any municipal officer, may object thereto by bringing a suit in a court of competent jurisdiction. In a like manner, any person residing in the municipality may bring a judicial action by reason of any ordinance or resolution of the municipal council, which may prejudice the interests of the municipality, provided such action is begun within a period of thirty days from the date on which the ordinance or resolution shall have been made known. * * * ."

The case at bar comes within the first class of cases as it refers to damages to private individuals, hence the action is not barred.

In the fifth error assigned the appellant complains of the granting of the temporary injunction when the respondent had a remedy at law, which is borne out by the fact that he brought the original suit and because, if he had refused to comply with the ordinance which he attacks, on being prosecuted for its violation he could have raised the question of its nullity.

If the mayor appoints the butchers, we fail to see how the plaintiff could refuse to comply with the ordinance in any other way than he did, i. e., by applying to the courts to decree its nullity.

Perhaps the plaintiff might have dispensed with his original suit and petitioned for a perpetual injunction, but this would not change the nature of the case. The plaintiff exercised his right to ask that a certain ordinance be declared null and the suspension of the enforcement of the same has been decreed as a temporary measure only.

In regard to the alleged non-existence of irreparable damages, the petition for the injunction alleged that the petitioner had suffered the same in that he had cattle purchased and being prepared for slaughter which he could not use for any other purpose, and this allegation has not been controverted by the defendant.

As regards the sixth assignment of error, that the execution of a legislative act has been enjoined, we will say that certainly an injunction cannot be issued to prevent a municipal council from executing its legislative functions or from legislating; but after an ordinance has been enacted its enforcement may be enjoined on account of its being null in violating some right.

"Courts of equity will not enjoin municipal bodies from the passage of ordinances or resolutions; but, after their passage, they will, upon a proper case shown, prevent their enforcement, and enjoin proceedings thereunder which would otherwise result in irreparable injury." *Mock* v. *City of Santa Rosa*, 126 Cal., 332.

"It is elementary that no action lies to enjoin the mere passage of an ordinance by a municipal corporation.    *    *    *.

"The mere voting on or passing the ordinance in question cannot *per se* do the plaintiff any possible injury. It will be time enough to complain, if it be a subject for complaint, when steps are taken, or a beginning made, to put the ordinance into actual execution." *Harrison et al.* v. *City of New Orleans et al.*, 33 La. Ann., 223, 224.

Nor is the appellant's seventh assignment of error well founded, because while the petition for an injunction contains certain allegations based on information and belief, such as that of the abuses committed by the employes whom their employers neither appoint nor can discharge, there are others

which are not of this character and which are essential for the granting of the injunction. In the statement of facts in this opinion we have omitted the former and included only the latter.

The last ground of appeal is that the injunction was directed to the mayor who was not before the court. It is true that the original complaint was filed against the municipal corporation, as was also the petition for the injunction and the rule to show cause why the latter should not issue, but as the mayor is the executive who enforces the resolutions of municipal corporations and represents them in judicial actions, he was before the court and as such representative and executive the court ordered that when the bond required of the plaintiff was furnished he be served with the injunction, in which there was no error.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary did not take part in the decision of this case.