Truyol, Apelado, *v.* El Municipio de Guayama, Apelante.

Apelación procedente de la Corte de Distrito de Guayama.

No. 925.—Resuelto en mayo 22, 1913.

Ordenanzas Municipales—Injunction—Nulidad de las Mismas—Jurisdicción de las Cortes de Distrito.—Las cortes de distrito tienen jurisdicción para resolver sobre la validez o nulidad de las ordenanzas municipales y para coceder un *injunction* con el fin de impedir la ejecución de dichas ordenanzas. La opinión de este tribunal en el caso de la *Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D. P. R., 86, sostiene esta doctrina.

Id.—Reglamentación de la Venta de Carnes—Facultades del Concejo Municipal.—Un concejo municipal no tiene facultades para imponer a los abastecedores de carne para el consumo público, por medio de una ordenanza municipal, la obligación de aceptar y pagar como servidores suyos personas nombradas por el alcalde, a quienes los abastecedores no pueden separar de su servicio cuando no convengan a sus intereses.

Id.—Acción de Nulidad de las Mismas—Injunction—Prescripción.—Cuando en una acción sobre nulidad de una ordenanza municipal se solicita un *injunction* como remedio subsidiario, la defensa de prescripción debe ser alegada en oposición a la demanda original y nó a la concesión del *injunction.*

Id.—Prescripción—Acción de Nulidad de las Mismas.—El término de prescripción de 30 días establecido en la segunda parte del artículo 93 de la ley municipal de marzo 8, 1906, no se refiere a la acción de nulidad de una ordenanza municipal fundada en que ocasiona perjuicios a individuos particulares.

Id.—Injunction Provisional—Recurso Adecuado en Ley.—El ejercicio de una acción para anular una ordenanza municipal no impide al demandante solicitar un *injunction* provisional para impedir que se ponga en vigor dicha ordenanza.

Id.—Injunction—Funciones Legislativas del Concejo Municipal.—Puede decretarse un *injunction* contra un concejo municipal para impedir que se ponga en vigor una ordenanza municipal, cuya nulidad es objeto del pleito.

ID.—INJUNCTION CONTRA UN CONCEJO MUNICIPAL—ALCALDE.—No constituye error
    el decretar un *injunction* preliminar contra un alcalde en una acción de nulidad
    de ordenanza municipal dirigida contra un concejo municipal y pedido en una
    solicitud de *injunction* dirigida contra el mismo concejo municipal, pues el
    alcalde es el ejecutor de los acuerdos de las corporaciones municipales y su
    representante en juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José C. Ramos.*

Abogado del apelado: *Sr. Celestino Domínguez Rubio.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Presentada en la Corte de Distrito de Guayama una demanda de Miguel Truyol Borges en la que interesaba que se declarase la nulidad de ciertas secciones de unas ordenanzas municipales votadas por el concejo municipal de dicha ciudad, presentó al mismo tiempo una solicitud de *injunction* para que las secciones atacadas como nulas quedaran sin ejecutarse mientras por la corte se resolvía la demanda original. La expresada corte, después de haber oído a las partes, decretó el *injunction* provisional, cuya resolución ha motivado el presente recurso de apelación, interpuesto por la corporación municipal de Guayama.

La demanda principal alega sustancialmente que la corporación demandada es dueña de un mercado público denominado ''Plaza del Mercado'' en la que existen puestos para la venta al público de carnes, pescados, etc.; que el demandante tiene, entre otros negocios, el de dedicarse a la matanza y venta de ganado vacuno destinando su carne al consumo público, lo que verifica en los puestos de esa plaza mediante el pago de un alquiler por el puesto; que allá por el mes de febrero de 1911 la corporación demandada, por medio de su concejo municipal, votó una ordenanza, por cuyas secciones 1ª. a la 7ª., se exige a las personas que desempeñen puestos en el matadero municipal y en las mesas de expender carnes una licencia que otorgará el alcalde, siempre que las solicitudes de los interesados vayan acompañadas de una certificación de buena salud extendida por el oficial de sanidad y de dos firmas

de reconocidas personas que acrediten la capacidad necesaria para desempeñar el cargo que soliciten, licencias que durarán trienta días y podrán ser revocadas por razones convenientes, siendo castigada la infracción a la tal ordenanza; que en 28 de septiembre de 1911 fué votada otra ordenanza aprobada por el alcalde, en la que figuran las secciones 7, 32 y 40 que disponen que todo el personal que deba emplearse en las labores de matanza y expendio de carnes será nombrado por el alcalde con arreglo a la anterior citada ordenanza y que si por cualquier causa imprevista se viese de momento impedido el inspector de utilizar los servicios de un empleado, podrá llevar a cabo las labores de momento con cualquier otra persona con condiciones para ello, así como que el alcalde procederá a clasificar el personal que ha de dedicarse a las labores de matanza y expendio de carnes; que como consecuencia de esas ordenanzas, cada vez que el demandante presenta alguna cabeza de ganado vacuno para su sacrificio y dedicación a la venta pública de la carne muerta, el alcalde de la corporación demandada nombra al empleado que ha de vender la carne que pertenece al demandante, a quien éste tiene que pagarle por sus servicios; que con fecha 12 de septiembre de 1912 pidió al concejo de la corporación demandada la derogación de esas secciones, lo que le fué negado, según contestación que se le dió en 8 de octubre.

La solicitud de *injunction* hace referencia a la anterior demanda haciéndola parte de la misma, y alega además, que aunque paga el empleado nombrado por el alcalde, a que se hace referencia, no puede removerlo en caso de que no atienda a los intereses del demandante; que mientras subsista la ordenanza no podrá dedicarse al negocio de matanza y venta de carnes aunque tiene ganado que ha comprado y pone en condiciones de matanza, sin que pueda dedicarlo a otros negocios; que recibe múltiples perjuicios, no teniendo otro remedio para proteger sus intereses durante la sustanciación del litigio principal que el de obtener el *injunction* que restrinja la vigencia de la ordenanza mientras dure el mismo; y des-

pués de agregar que la corporación municipal no obtiene beneficio alguno con esta ordenanza, pues las personas así nombradas por el alcalde no son empleados según el presupuesto, ni tampoco de aquellos que la ley determina expresamente que deben existir en los municipios, y de hacer algunas consideraciones sobre el asunto, concluyó con la súplica de que el *injunction* fuese decretado.

El primer motivo de error alegado contra la resolución apelada es que la Corte de Distrito de Guayama no tiene jurisdicción por la materia para conocer del caso original del cual el *injunction* es incidente.

La asignación de este error ha sido motivada por la interpretación errónea que la parte apelante ha hecho de la opinión de esta Corte Suprema en el caso de la *Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D. P. R., 86, pues entiende que entonces se dijo que las cortes de distrito no tenían jurisdicción para declarar la nulidad de ordenanzas votadas por los ayuntamientos, siendo así que lo que en aquel caso se resolvió fué que las cortes carecían de tal jurisdicción cuando no había una real y verdadera cuestión entre las partes.

En ese caso se dijo:

"La corte de distrito no podía considerar la cuestión abstracta de la legalidad o constitucionalidad de la ordenanza municipal en un caso seguido para anular dicha ordenanza.   *   *   *

"En California se ha declarado que para conseguir que un tribunal dicte una resolución con respecto a una cuestión que envuelve la constitucionalidad de una ley, la controversia debe ser un pleito real y verdadero entre las partes y entablado de buena fe, en el debido curso del litigo, y no meramente para gratificar la curiosidad de los abogados o de una parte que procurara que se estableciera en su contra por personas que no tuvieran interés alguno en el asunto   *   *   *.

"De acuerdo con las autoridades que hemos citado, opinamos que es claro que la corte de distrito no era competente para conocer de este caso, puesto que no puede seguirse un pleito con el fin directo de anular un estatuto sin demostrar que exista independientemente de aquella abstracta cuestión, una causa *bona fide* entre las partes."

Por el contrario es tan claro que las cortes de distrito tienen jurisdicción para resolver sobre la validez o nulidad de las ordenanzas municipales, que no necesitamos repetir ahora lo que ha dicho este tribunal en otros casos. Véase el caso antes citado y el de *Saldaña* v. *El Concejo Municipal de San Juan,* 15 D. P. R., 37.

Podemos considerar conjuntamente el segundo y tercer motivos de error, pues ambos están íntimamente ligados. Ellos son, que erró la corte inferior al no sostener la excepción de que la demanda principal sobre nulidad y la solicitud incidental de *injunction,* no aducían hechos que determinasen una causa de acción por cuanto el concejo municipal tenía facultad para reglamentar la venta de carnes. El citado concejo no se limitó a reglamentarla, sino que quitó a los abastecedores la facultad de nombrar sus empleados y los obliga a aceptar necesariamente los que nombrase el alcalde, privándoles del derecho de contratar libremente con los empleados que paga y de poder separarlos de su servicio cuando no convenga a sus intereses.

El mercado es público y todos los habitantes de la municipalidad tienen derecho a usar de él, mientras cumplan con las ordenanzas referentes al mismo, siempre que éstas sean legales, pero no vemos que la corporación municipal demandada tenga derecho a imponer a los abastecedores de carne para el consumo público, la obligación de aceptar y pagar como servidores suyos, personas sobre las cuales no tienen ninguna autoridad.

En bien de la comunidad hay el derecho de exigir que las personas que intervienen en la matanza de reses y en la venta de las carnes reunan las condiciones de salubridad que exige la sanidad, pero esto no autoriza a que el alcalde las nombre quitando ese derecho al abastecedor, por cuyo motivo no son sostenibles los errores examinados.

El cuarto error versa sobre la prescripción de la acción. Con respecto a este motivo, que también fué alegado en el caso citado de *Saldaña* v. *Concejo Municipal de San Juan,* recorda-

remos lo que entonces dijo esta Corte Suprema y que es de aplicación al presente caso:

"* * * Suponiendo que esta objeción fuera buena, nunca podría hacerse en oposición a la concesión de un *injunction,* sino que debe ser alegada en oposición a las peticiones formuladas en la demanda original. El *injunction* concedido en este caso es una medida de carácter subsidiario y solamente temporal y si la alegación de prescripción fuera en definitiva declarada con lugar, el *injunction* caería juntamente con la demanda que le diera origin. * * *"

Pero examinemos el estatuto en que los demandados basan su alegación de que la causa de acción, si es que ha habido alguna, ha quedado prescrita y no puede prosperar.

La sección de la ley municipal que se cita como fundamento de esa alegación se encuentra en el tomo de leyes de 1906, página 134 y dice así:

"Seccion 93.—Cualquier persona residente dentro de los límites de un municipio que se crea lesionada por cualquier acuerdo o resolución o por cualquier acto de un concejo municipal o de un funcionario municipal, podrá impugnar dicho acuerdo, resolución o acto, mediante el ejercicio de una acción ante un tribunal de justicia de jurisdicción competente. Del propio modo podrá interponerse por cualquier persona residente en el municipio una acción judicial contra cualquier acuerdo o resolución de un concejo municipal que lesione los intereses generales del municipio, siempre que la demanda se establezca en el término de treinta días, a contar de la fecha en que el acuerdo o resolución sean publicados."

El presente caso está comprendido dentro de la primera clase porque se refiere a perjuicios ocasionados a individuos particulares y por consiguiente no está prescrita la acción.

En el quinto error se queja el apelante de que se concediera el *injunction* provisional, cuando el apelado tenía un recurso en ley, como lo demuestra el hecho de interponer la demanda original y porque resistiendo la ordenanza que ataca, al ser denunciado por su infracción podía plantear la cuestión de la nulidad de la misma.

Si el alcalde es el que nombra a los tablajeros, no vemos cómo el demandante podía resistir las disposiciones de la ordenanza en otra forma que como lo hizo, esto es, acudiendo a los tribunales para que declarasen su nulidad.

Quizás pudo la parte demandante prescindir de su demanda original y pedir un *injunction* perpetuo, pero esto no cambia la naturaleza del caso. El demandante ejercita su derecho de pedir que se declare nula cierta ordenanza, y como medida provisional únicamente, se ha decretado la suspensión de la vigencia de la misma.

En cuanto a que no existan daños irreparables, la solicitud de *injunction* alegó que los sufría el peticionario porque tenía ganado comprado, que pone en condiciones de matanza y sin que pueda dedicarlo a otros negocios, extremos no contradichos por el demandado.

En cuanto al sexto motivo de error fundado en que se ha impedido la ejecución de un acto legislativo, diremos que efectivamente el *injunction* no puede decretarse para impedir que el concejo municipal ejecute sus funciones legislativas, para que legisle, pero después de decretada una ordenanza, puede impedirse su cumplimiento por ser nula al violar algún derecho.

"Las cortes de equidad no impedirán a los concejos municipales que decreten ordenanzas o resoluciones; pero después que las mismas han sido aprobadas, dichas cortes podrán impedir que se pongan en vigor si se les presenta un caso en debida forma, y suspender procedimientos que se ejerciten con arreglo a las mismas, los que de no adoptarse esta medida podrían causar un perjuicio irreparable. *Mock* v. *City of Santa Rosa,* 126 Cal., 332.

"Es elemental que no procede ninguna acción para impedir la mera aprobación de una ordenanza de una corporación municipal.

"La mera votación o aprobación de la ordenanza en cuestión no puede por sí causar perjuicio alguno al demandante. Habrá luego tiempo suficiente para impugnarla si dicha ordenanza es objeto de impugnación, cuando se tomen medidas y se inicie la cuestión de poner dicha ordenanza en vigor. *Harrison* v. *City of New Orleans,* 33 La. Ann., 223–224."

Tampoco tiene. razón el apelante en su séptimo fundamento de error, porque si bien la petición de *injunction* contiene algún hecho por información y creencia, tal como el de los abusos que cometen con las carnes de los abastecedores los empleados que ellos no nombran, ni pueden separar del cargo, hay otros que no son de esa naturaleza y que son los esenciales para el decreto de *injunction*. Nosotros en la relación de hechos consignada al principio hemos relatado solamente éstos y prescindimos de aquéllos.

El último motivo del recurso es que el *injunction* se decretó contra el alcalde sin estar él ante la corte. Es cierto que la demanda original está dirigida contra la corporación municipal al igual que la solicitud de *injunction* y la orden para exponer razones para que éste. no se decretara, pero como el alcalde es el ejecutor de los acuerdos de las corporaciones municipales, y su representante en juicio, estaba ante la corte y como· tal representante y ejecutor de los acuerdos fué que ordenó la corte que una vez prestada la fianza exigida al demandante, se le comunicara la prohibición decretada, en lo que no hubo error.

Por las razones expuestas la resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sresı Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.