# CASOS RESUELTOS

### EN LA

# CORTE SUPREMA DE PUERTO RICO

San Juan Hippodrome Company, Demandante y Apelada, *v.* Comisión Hípica Insular, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de *injunction*.

No. 1050.—Resuelto en junio 15, 1914.

Cuestión Abstracta—Falta de Conflicto Entre las Partes—Desestimación de la Demanda.—Cuando en un pleito se trata únicamente de obtener una resolución judicial acerca de una cuestión abstracta de derecho, sin que se alegue en la demanda la existencia real de un conflicto entre ambas partes, debe desestimarse la demanda.

Id.—Comisión Hípica Insular—Nulidad del Reglamento de Dicha Comisión.—Cuando, como en este caso, el objeto de la demanda es anular el reglamento de la Comisión Hípica Insular que autoriza a dicha comisión para nombrar los oficiales técnicos de los hipódromos de la isla y la única alegación de la demanda relativa a la controversia entre las partes es que dicha comisión nombró los oficiales, sin que conste si éstos aceptaron sus cargos y estaban dispuestos a tomar posesión de los mismos, sin que aparezca que se obligara de algún modo a la demandante y sin que se alegue la existencia de un verdadero conflicto actual entre las partes, es necesario concluir que la cuestión planteada es de carácter abstracto.

Los hechos están expresados en la opinión.

La apelada no compareció.

Abogado de la apelante: Sr. *Charles E. Foote, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia de la Corte de Distrito de San Juan, Sección 1ª., declarando perpetuo cierto auto de *injunction* preliminar expedido contra la Comisión Hípica Insular.

En la demanda que se presentó el 4 de octubre de 1913, se alega, en resumen:

1. Que la demandante es una corporación organizada con arreglo a las leyes de Puerto Rico, que realiza aquí sus negocios y que está inscrita en la Secretaría del Gobierno de la Isla.

2. Que el demandado, la Comisión Hípica Insular, es un cuerpo creado por una ley de la Asamblea Legislativa de Puerto Rico, aprobada el 13 de marzo de 1913.

3. Que para el 5 de octubre de 1913, la corporación demandante, que posee desde hace algún tiempo en Santurce, San Juan, un hipódromo, que maneja y dirige con arreglo a sus reglas interiores, tiene concertadas algunas carreras de caballos.

4. Que el día 3 de octubre de 1913, el demandado dirigió al demandante una carta que se acompaña a la demanda. La carta, copiada en lo pertinente, dice así:

"Tengo el honor de participar a usted que la Comisión Hípica Insular, en virtud de las facultades que le concede el artículo 16 del Reglamento, Reglas y Condiciones adoptadas en virtud de una ley de la Asamblea Legislativa de 13 de marzo del corriente año, ha tenido a bien hacer los siguientes nombramientos de oficiales hípicos, para tener efecto inmediatamente: Jurados: José Coll y Cuchí. Ramón Falcón. W. F. Percey. Secretario del jurado: José Blanco. Jueces de inscripciones: Adalberto Díaz Moll. Juez de salida: Emilio Egozcue. Inspectores de pista: Eugenio Jiménez Clas. Antonio Pérez. Inspector de bancas: Celestino Vélez. Inspector de peso: Guillermo Escudero. Veterinario oficial: Dr. Jack Dunn.

"Ruego a usted se sirva tomar las medidas necesarias, para que los señores anteriormente nombrados tomen posesión de sus respectivos cargos en las carreras que han de verificarse el domingo próximo día 5 del corriente. El haber que han de recibir estos oficiales hípicos, como remuneración por sus servicios, es el mismo señalado por esa directiva hasta hoy."

5. Que la demandante estaba incorporada y hacía sus negocios en Puerto Rico antes de decretarse por la Asamblea Legislativa la "Ley para enmendar la Ley para crear una

Junta Insular de Ferias que tenga por objeto celebrar anualmente una exposición de industrias agrícolas y en general lucrativas de la Isla, y para otros fines,'' aprobada en 10 de marzo de 1910.

6. Que la corporación demandante tiene su Directiva y sus oficiales y empleados nombrados con arreglo a sus cláusulas de incorporación y a los estatutos que la rigen.

7. Que la demandada dictó el 15 de agosto de 1913, para empezar a regir el 1 de octubre de 1913, un Reglamento, que se acompaña a la demanda.

8. Que el artículo 16 de dicho Reglamento prescribe:

''Artículo 16.—(*a*) Los oficiales hípicos de los hipódromos a que se refiere el artículo anterior serán nombrados y separados libremente por la Comisión Hípica Insular.

''(*b*) La Comisión Hípica Insular, comunicará oficialmente por escrito a la junta directiva de cada hipódromo el nombramiento y separación de los oficiales hípicos del mismo

''(*c*) Los oficiales hípicos de cada hipódromo percibirán por sus servicios la remuneración que de tiempo en tiempo señale la Comisión Hípica Insular; la que será pagada por la persona encargada de la administración de los fondos de la corporación que esté celebrando carreras y por cuenta de ésta.''

9. Que la ley por virtud de la cual se creó la Comisión Hípica Insular, no le confiere expresa ni implícitamente las facultades que se ha abrogado, al dictar el artículo 16 transcrito.

10. Que la demandante tiene informes de que la demandada trata de suspender por medio de la fuerza armada las carreras fijadas por la demandante para el 5 de octubre de 1913.

11. Que sería muy difícil apreciar la cuantía de los perjuicios, etc., y que la demandante carece de todo otro recurso, etc.

12. Que los daños y perjuicios en todo caso serían mayores de quinientos pesos.

La demanda termina suplicando que se expida un auto de *injunction* preliminar dirigido contra el presidente de la comisión demandada, ordenándole que se abstenga por sí o. por medio de ninguna otra persona de poner en vigor y tratar de hacer cumplir el artículo 16 de su Reglamento, y, en su consecuencia, que se abstenga en la misma forma de impedir o tratar de impedir que la demandante lleve a efecto las carreras de caballos que tiene señaladas para el día 5 de octubre de 1913; y en definitiva, que se dicte un *injunction* perpetuo contra la demandada prohibiéndole que ejecute los actos que se tratan de evitar por medio de la demanda.

La corte de distrito el 5 de octubre de 1913 fijó el día 11 del propio mes para la comparecencia de la demandada y la puso en entredicho, previa fianza de trescientos dollars.

El once de octubre compareció en efecto la demandada y alegó:

"Que la sección 6 de una ley titulada: 'Ley para enmendar una ley titulada: "Ley para crear una Junta Insular de Ferias que tenga por objeto celebrar anualmente una exposición de productos agrícolas e industriales de la Isla, y para otros fines,"aprobada el 10 de marzo de 1910,' que fué aprobada el 13 de marzo de 1913, confiere a la Comisión Hípica Insular, la facultad de prescribir las reglas, reglamentos y condiciones por las cuales debe regirse la celebración de carreras en esta Isla, y que el artículo 16 del Reglamento, Reglas y Condiciones adoptado por la Comisión Hípica Insular está autorizado por la citada disposición legal."

La demandada solicitó la desestimación de la demanda y, sin que se practicara prueba alguna, el caso quedó definitivamente sometido a la consideración de la corte de distrito, habiendo sido resuelto el 14 de octubre de 1913 por la sentencia a que nos hemos referido y contra la cual se interpuso el presente recurso de apelación.

La primera cuestión que surge después de leída la demanda, es la de si por ella se establece un verdadero caso que deba ser resuelto por una corte de justicia.

En la demanda, presentada el 4 de octubre de 1913, se alegó como hecho concreto para pedir el auxilio de la corte, el de la celebración de las carreras fijadas para el día siguiente 5 de octubre de 1913. Pasó él 5 de octubre. Las carreras debieron celebrarse, y en la actualidad nada existe pendiente con respecto a las mismas, dentro de este procedimiento, que requiera la acción del tribunal.

Se dirá tal vez que el hecho de las carreras del 5 de octubre se consignó como un mero accidente y que la verdadera cuestión fundamental envuelta en el recurso es la de si la Comisión Hípica Insular tiene o nó facultades para nombrar los empleados técnicos de los hipódromos de Puerto Rico. Si esto es así, tendremos que llegar entonces a la conclusión de que lo que se ha sometido a la decisión de la corte no es un verdadero pleito, sino una cuestión abstracta que la corte no está obligada a considerar ni menos aun a resolver.

El hecho de que la Comisión Hípica Insular dirigiera al hipódromo de San Juan la carta que hemos transcrito al hacer el resumen de la demanda, por sí solo no es suficiente para justificar a la demandante en acudir a la corte en demanda de justicia. Nada se consigna en la demanda con respecto a si los funcionarios nombrados habían aceptado sus cargos y estaban dispuestos a tomar posesión de los mismos; nada se expresa en relación con las gestiones que pudiera haber practicado el demandante cerca de la demandada. En ninguna parte de la demanda consta el verdadero conflicto actual que requiera la intervención de la corte. A nada se obligó al demandante y todo demuestra que la acción entablada por el mismo fué a lo menos prematura y no puede en tal virtud servir de base a una resolución judicial.

En el año de 1907 la Liga de Propietarios de San Juan entabló una demanda contra la ciudad de San Juan pidiendo a la corte que declarara nulas y sin efecto algunas disposiciones de cierta ordenanza aprobada por el municipio en el año de 1906. La ordenanza en cuestión tenía por objeto regularizar el servicio del recogido de basuras e inmundicias

y la forma en que debían ser expuestas por los vecinos de
la ciudad, e impuso a éstos ciertas obligaciones.  En la de-
manda se alegaron como es consiguiente los hechos nece-
sarios, según la parte demandante, para determinar que los
vecinos no estaban obligados a cumplir los deberes que les
imponía el municipio, por carecer éste de facultades para dic-
tar la ordenanza.  El pleito fué decidido en la corte de distrito
por las alegaciones, entrando el juez sentenciador en el fondo
de la cuestión. y resolviendo que los hechos alegados en la
demanda no aparejaban la nulidad de las disposiciones de la
ordenanza de que se quejaba la parte demandante.

Se estableció recurso de apelación para ante este Tribunal
Supremo y la corte confirmó la sentencia apelada, (14
D. P. R., 86), por el fundamento de que la corte de distrito
no tenía jurisdicción para resolver la cuestión planteada,
puesto que no podía seguirse un pleito con el fin directo de
anular un estatuto sin demostrarse que existe independiente-
mente de dicha cuestion abstracta, una causa *bona fide* entre
las partes.

En la opinión del tribunal, emitida por su Juez Asociado
Sr. MacLeary, se estudia ampliamente la materia, se citan y
aplican muchas decisiones de las cortes americanas y se esta-
blece la siguiente doctrina:

"Las cortes están abiertas para todo el mundo por cualquier per-
juicio que se le haya causado en sus terrenos, bienes, persona o repu-
tación.  Las cortes no tienen la obligación de, ni pueden, resolver
controversias ficticias.

"El consentimiento de las partes en un pleito no puede conferir
a un tribunal jurisdicción sobre la materia de un litigio cuando no
está autorizada por la ley. · Solamente la legislatura fija, mediante
una ley, la jurisdicción de los tribunales."

Examinando este caso concreto de el hipódromo de San
Juan contra la Comisión Hípica Insular, a la luz de la anterior
doctrina, opinamos que la única resolución que cabe dictar
en el mismo es la de declarar que apareciendo de la demanda
que el fin principal y único del pleito fué el de que se resol-

viera sobre la validez o la ilegalidad de una disposición reglamentaria dictada por una comisión creada por la Asamblea Legislativa de Puerto Rico, sin que hubiera llegado a surgir un verdadero conflicto actual entre las partes, se ha presentado a la corte únicamente una cuestión abstracta que la corte no debe ni puede resolver, y en su consecuencia que debe revocarse la sentencia apelada y dictarse en su lugar otra desestimando totalmente la demanda, sin especial condenación de costas.

*Revocada la sentencia apelada y
desestimada la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.