YABUCOA SUGAR CO., DEMANDANTE Y APELANTE, *v.* EL MUNICIPIO DE YABUCOA, DEMANDADO Y APELADO.

No. 3081.—*Visto:* Diciembre 10, 1923. *Resuelto:* Junio 16, 1924.

ORDENANZAS MUNICIPALES; PROCEDIMIENTO ADECUADO PARA ANULARLAS—*Certiorari.*—El procedimiento adecuado para pedir la nulidad de una ordenanza municipal no es el pleito ordinario sino el *certiorari* prescrito por la Ley Municipal de 1919.

ID.—CONTRIBUCIONES MUNICIPALES—PAGO BAJO PROTESTA.—Si la recaudación de la contribución impuesta por una ordenanza municipal ha de hacerse por el Tesorero de Puerto Rico, la demandante tiene el remedio de verificar el pago bajo protesta y establecer la acción que corresponda para exigir su devolución, si ella es ilegal, excesiva o errónea.

.SENTENCIA· de *Pablo Berga,* J. (Humacao), declarando sin lugar la demanda, sin costas. *Confirmada.*

·González *Fagundo & González, Jr.,* abogados de la apelante; *J. Soto Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Humacao declaró con lugar una ·excepción previa formulada a la demanda en este caso. La demandante alegó la nulidad de una ordenanza municipal ·que pretendía fijar un impuesto sobre azúcares manufacturados por la Yabucoa Sugar Co. y la corte inferior resolvió que el impuesto era justificable de acuerdo con las decisiones de esta corte en los casos de Fantauzzi y Central Victoria. Estos casos fueron revocados por la Corte de Circuito de Apelaciones para el Primer Circuito, y están .ahora pendientes en la Corte Suprema de los Estados Unidos, pero es dudoso si los fundamentos en que descansa la .apelante han sido tenidos en cuenta en dichas revocaciones. No consideraremos estos casos con gran amplitud toda vez ·que somos de opinión que la sentencia de la corte inferior debe ser confirmada por otras razones que fueron aducidas por la corte de distrito.

Este pleito fué establecido en la forma ordinaria y después de alegarse la nulidad de la ordenanza se pedía a la ·corte que dictara sentencia declarando dicha nulidad. La ¡demanda no alegaba que el demandado había tomado ninguna medida para llevar a cabo el cobro del impuesto. Por el contrario la demanda expresaba que semejantes medidas no habían sido tomadas pero expresaba el temor de que la ·ordenanza se pondría en vigor. Hemos resuelto que no procede una acción ordinaria para anular una ordenanza, *La Liga de Propietarios* v. *La Ciudad de San Juan,* 14 D.P.R. 91; *Truyol* v. *Municipio de Guayama,* 19 D.P.R. 541; *San Juan Hippodrome Company* v. *La Comisión Hípica Insular,* 21 D.P.R. 1. El único remedio concedido para anu-

lar una ordenanza es el *certiorari* prescrito en la Ley Municipal del año 1919. La presente demanda no pretende ser un *certiorari*, ni tampoco sostiene la apelante que así deba ser considerado.

Nos inclinamos al parecer de que la corte inferior estuvo correcta al expresar que si la recaudación de la contribución impuesta ha de hacerse por el Tesorero de Puerto Rico, la demandante tiene el remedio de verificar el pago bajo protesta y establecer la acción que corresponda para exigir su devolución, si ella es ilegal, excesiva o errónea. Ley No. 17 de 13 de mayo de 1920, (p. 125).

*Debe confirmarse la sentencia apelada.*