# 99 DTA 169

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL II DE BAYAMON
PANEL SUSTITUTO**

F & R CONSTRUCTION, S.E.
Demandante-Apelada

v.

MUNICIPIO DE GUAYNABO
Demandado-Apelante

Núm. KLAN-98-00025

San Juan, Puerto Rico, a 17 de mayo de 1999

Panel integrado por su Presidente, Juez Pesante Martínez
y los Jueces Martínez Torres y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre en apelación de sentencia dictada sumariamente el 6 de octubre de 1997 y notificada el 12 de noviembre de 1997. El escrito de apelación fue presentado el 9 de enero de 1998, dentro del término para hacerlo. La parte apelada presentó su alegato el 13 de febrero de 1998. La causa le fue referida a este panel el 12 de marzo de 1999. Estudiadas ambas posiciones procedemos a resolver.

### Hechos

Desde el año 1990 hasta abril de 1991, F&R Construction, S.E. (F&R en adelante) construyó para Quintavalle Rental Housing (Quintavalle en adelante) una estructura conocida como Edificio Quintavalle dentro del Municipio de Guaynabo. Quintavalle se comprometió a gestionar el permiso de construcción y a satisfacer los arbitrios necesarios para la obtención de dicho permiso. Así las cosas, durante los años en que F&R trabajó en la construcción del edificio, Quintavalle pagó las patentes municipales sobre el volumen de los negocios generados dentro del municipio de Guaynabo.

El 19 de enero de 1994 el Municipio notificó a F&R de una deficiencia de $156,921.01 por concepto de arbitrios de construcción, reclamando el pago inmediato de los mismos. En la notificación se mencionó que el contribuyente podía solicitar la celebración de una vista administrativa para rebatir la determinación del Municipio dentro del término de veinte (20) días.

El 1 de marzo de 1994, la parte apelada remitió carta al Municipio donde le indicaba la improcedencia del arbitrio a la luz de los casos de *Las Piedras Construction v. Municipio de Dorado,* Opinión de 28 de enero de 1994, **94 J.T.S. 3**, y *Nogama Construction v. Municipio de Aibonito*, Opinión de 18 de mayo de 1994, **94 J.T.S. 73**. Además solicitó la celebración de una vista administrativa para discutir el asunto. Ante la no celebración de la mencionada vista, F&R radicó demanda donde impugnó la autoridad del Municipio para imponer el arbitrio por constituir una doble tributación, acto alegadamente impermisible bajo la ley del momento de los hechos.

La parte apelante solicitó la desestimación de la demanda alegando que la parte apelada no agotó los remedios administrativos. Alegó además que estaba autorizada a cobrar el mencionado arbitrio. El Tribunal de Primera Instancia dictó sentencia en la cual resolvió que la parte apelada no estaba obligada a agotar los remedios administrativos cuando la controversia es estrictamente de derecho y no requiere el conocimiento especializado de la agencia. En cuanto a la validez del arbitrio en controversia, el Tribunal concluyó que su imposición constituyó un esquema ilegal de doble tributación a la luz de lo resuelto en Las Piedras Construction, *supra,* y Nogama, *supra*.

De dicho dictamen la parte apelante recurre ante nos señalando la comisión de los siguientes errores:

*"1. Erró el Tribunal de Primera Instancia al determinar que no procedía la desestimación del caso por no haber agotado F&R Constr. los remedios administrativos.*

*2. Erró el Tribunal de Primera Instancia al determinar que el arbitrio impuesto por el municipio constituye un esquema de doble tributación."*

Por los fundamentos que se exponen a continuación procedemos a confirmar la sentencia apelada.

### Exposición y Análisis

En su primer señalamiento de error, la parte apelante alega que el Tribunal de Primera Instancia erró al determinar que no procedía la desestimación del caso por no haber agotado F&R los remedios administrativos. No le asiste la razón.

La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial de carácter consuetudinario y esencialmente práctica, con gran arraigo en Puerto Rico y en Estados Unidos. Véanse: *Rivera v. E.L.A*, 121 D.P.R. 582 (1988); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Bowen v. City of New York*, 476 U.S. 467 (1986). Mediante la misma los tribunales discrecionalmente se abstienen de revisar una actuación de una agencia gubernamental hasta tanto la persona afectada agote todos los remedios administrativos disponibles y, por lo tanto, la decisión refleje la posición final de la entidad estatal. *E. L.A. v. 12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964). Como el *"objetivo [es] mantener un adecuado balance y distribución de poder y tareas entre las agencias administrativas y el poder judicial"*, *Vélez Ramírez v. Romero Barceló*, 112 D.P.R. 716, 722 (1982); *García Cabán v. U.P.R.*, 120 D.P.R. 167 (1987), su aplicabilidad no depende de criterios rígidos, *"sino de si a la luz de las circunstancias del caso y pericia particular de la agencia, se entiende que la intervención judicial sería prematura"*. *Vélez Ramírez v. Romero Barceló, supra*, págs. 722-723.

Al invocar la doctrina y posponer la etapa en la cual el litigante puede recurrir a los tribunales, se logran varios objetivos. En primer lugar, antes de la intervención judicial la agencia puede desarrollar un historial completo del asunto ante su consideración. También puede utilizar el conocimiento especializado de sus funcionarios para adoptar las medidas correspondientes de conformidad con la política pública formulada por la entidad y aplicar uniformemente sus poderes para poner en vigor las leyes, rectificar oportunamente sus errores o reconsiderar el alcance de sus pronunciamientos. De esta manera se evitan los disloques causados por las intervenciones inoportunas de los tribunales en distintas etapas interlocutorias y el poder judicial conserva autoridad para intervenir en los momentos en que sea necesario con el propósito de evitar un daño irreparable a una persona. Véase K.C. Davis, *Administrative Law Treatise*, 2da ed., San Diego, K.C. Davis Pub. Co., 1983, Vol. 4, Cap. 26, Sec. 26:1, págs. 414-415.

La doctrina también facilita la revisión judicial y asegura que los tribunales tengan información más precisa sobre los fundamentos de la actuación gubernamental, y poder así tomar una decisión más informada sobre el recurso instado. Por último, esta doctrina libera a los tribunales de asuntos que pueden ser resueltos administrativamente. *Rivera v. E.L.A., supra*.

Por otro lado, también hay unos factores que inclinan el péndulo hacia la preterición de los canales administrativos. En el pasado hemos aceptado que *"[s]e puede prescindir del requisito de agotar el recurso administrativo en casos en que se muestre que (1) la acción administrativa ha de causar un daño inminente material, sustancial, y no teórico o especulativo, en que el balance de conveniencias entre los daños que pueden ocasionarse y la norma en cuestión justifican una desviación de ésta; (2) el recurso administrativo constituye una gestión inútil, inefectiva y que no ofrece proveer un remedio adecuado"*. *Vda. de Iturregui v. E.L.A.*, 99 D.P. R. 488, 491 (1970).

También se puede omitir el trámite administrativo cuando la agencia claramente no tiene jurisdicción y la

posposición conlleva un daño irreparable al afectado, o el asunto es estrictamente de derecho que no requiere unos conocimientos especiales de la agencia administrativa. *Vélez Ramírez v. Romero Barceló, supra*, pág. 722. Corresponde a la parte demandante alegar que se debe prescindir del requisito de agotamiento con hechos específicos y bien definidos, expuestos de una manera que le permita al tribunal evaluar la defensa del Estado. *Rivera v. E.L.A., supra.*

El asunto principal ante la consideración del Tribunal de Primera Instancia fue si el arbitrio impuesto por el municipio de Guaynabo a F&R constituyó o no en efecto un esquema de doble tributación económica. Esa controversia, tal y como correctamente lo determinó el hermano foro de Instancia, es una estrictamente de derecho que no requiere los conocimientos especializados de la agencia administrativa para ser resuelta. Ya vimos que tales asuntos constituyen una de las excepciones en las cuales no hay que agotar los remedios administrativos y se puede acudir directamente a los tribunales. Por lo tanto, el Tribunal de Primera Instancia actuó acertadamente al acoger el recurso presentado. El señalamiento de error primero no fue cometido.

En su segundo señalamiento, la parte apelante alega que el Tribunal de Primera Instancia erró al determinar que el arbitrio impuesto por el municipio constituye un esquema de doble tributación. No le asiste la razón.

Los municipios carecen de poder inherente para imponer tributos. Mediante la Ley Orgánica de los Municipios, *supra*, la Asamblea Legislativa reconoció el poder de tributación municipal. *Las Piedras Construction Corp. v. Municipio de Dorado*, Opinión de 28 de enero de 1994, **94 J.T.S. 3**; *Rubert v. Sancho Bonet, Tes.*, 58 D.P.R. 198 (1941).

El Tribunal de Primera Instancia exoneró a la constructora F&R del pago de los arbitrios de construcción que el municipio reclama porque alegadamente esos arbitrios recaerían sobre el mismo evento económico, lo cual provocaría un esquema de doble tributación. *Las Piedras Construction Corp. v. Municipio de Dorado, supra*. El tribunal se amparó en lo resuelto en ese caso por el Tribunal Supremo, y concluyó que para la fecha en que se realizaron las obras de construcción de autos, ese esquema de doble tributación estaba proscrito por ley. *Ibid.* ■

En efecto, tanto en el caso de *Las Piedras Construction Corp. v. Municipio de Dorado, id.*, como en el de *Nogama Construction Corp. v. Municipio de Aibonito*, Opinión de 18 de mayo de 1994, **94 J.T.S. 73**, el Tribunal Supremo resolvió que el cobro simultáneo de patentes y arbitrios sobre la misma obra de construcción constituía una doble tributación, impermisible por la Ley de Patentes vigente de 1974 a noviembre de 1992. La construcción de las obras que originan este caso se realizaron mientras estaba vigente la misma Ley de Patentes interpretada por el Tribunal Supremo en los casos citados.

Es correcto que en *Rexach Construction Co., Inc. v. Municipio de Aguadilla*, Op. del 6 de diciembre de 1996, **96 J.T.S. 158**, el Tribunal Supremo decidió que no pueden aplicarse en forma retroactiva sus decisiones emitidas en 1994 en *Las Piedras Construction Corp. v. Municipio de Dorado, supra*, y en *Nogama Construction Corp. v. Municipio de Aibonito, supra*. Sin embargo, el Tribunal Supremo se refería a las demandas de reintegro por arbitrios ya pagados instadas por varios contratistas. Nos parece evidente que el Tribunal Supremo no confirió carácter retroactivo a sus dictámenes para evitar reclamos por arbitrios ya pagados, pues ello *"conllevaría una proliferación de casos y reclamaciones y tendría un efecto perjudicial sustancial sobre las arcas municipales en todo Puerto Rico." Rexach Construction Co., Inc. v. Municipio de Aguadilla, supra*, pág. 388. Ese efecto perjudicial sobre las arcas municipales se produciría únicamente si se obligara a los municipios a reembolsar a los contratistas el dinero ya pagado por arbitrios de construcción desde 1974 a 1992, cuando se enmendó la ley. Después de todo, los municipios no tienen derecho a cobrar partidas que la ley prohíbe.

El caso de autos es distinto porque F&R nunca pagó los arbitrios precisamente porque alega que ello

constituiría una doble tributación ilegal. No se trata de un reintegro de una cantidad ya pagada sino del reconocimiento de una defensa válida frente a una acción de cobro presentada por el municipio. Si resolviéramos lo contrario y aplicáramos a ese tipo de acción la norma de no-retroactividad sentada en *Rexach Construction Co., Inc. v. Municipio de Aguadilla, supra,* caeríamos en el absurdo de negar efectividad a una prohibición de ley existente cuando se efectuaron las obras en cuestión. Ante esa eventualidad, nadie podría invocar con éxito la prohibición de ley pues ésta fue eliminada por la Asamblea Legislativa en 1992, dos años antes que el Tribunal Supremo identificara e interpretara la referida prohibición de la doble tributación. Resolvemos, pues, que F&R se encuentra en la misma situación que Rexach Construction y Nogama Construction en los casos que el Tribunal Supremo resolvió en 1994. Ninguna de ellas tuvo que pagar arbitrios por construcciones realizadas antes de entrar en vigor la enmienda de 1992. F&R tampoco tiene porqué pagarlos. Por ende, el Tribunal de Primera Instancia no incidió al declarar ilegal el arbitrio impuesto por el Municipio de Guaynabo en el caso en cuestión y dejar sin efecto el pago de los mismos.

### Dictamen

Por los fundamentos antes expuestos, confirmamos la sentencia emitida por el Tribunal de Primera Instancia en todas sus partes.

El Juez Martínez Torres concurre con el resultado sin opinión escrita, por entender que no había procedimiento administrativo alguno que agotar y está conforme con lo expuesto por el Tribunal en cuanto al segundo señalamiento de error.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 99 DTA 169

1. La Asamblea Legislativa autorizó posteriormente la imposición de patentes municipales y arbitrios municipales sobre la misma obra. Véase la Ley Núm. 93 de 17 de noviembre de 1992.