ANA MARGARIDA VDA. DE ITURREGUI, demandante y recurrente, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, y JUNTA DE PLANIFICACIÓN DE PUERTO RICO, demandados y recurridos.

*Número:* R-69-84    *Resuelto:* 16 de diciembre de 1970

*Vicente Santori Coll,* abogado de la recurrente; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Alegó la recurrente en su demanda que la Junta de Planificación de común acuerdo con el Estado Libre Asociado ha limitado y restringido totalmente el uso por ella de su finca de 16.0320 cuerdas situada en el Barrio Sabana Llana de San Juan desde el 1956 bajo el supuesto de una futura expropiación a los fines de construir una carretera estatal; que tal expropiación no se ha realizado lo que equivale a una privación contra la recurrente del uso, goce y disfrute de dicha propiedad sin el debido procedimiento de ley y sin justa compensación. Solicitó sentencia en contra de los recurridos ordenándoles incautarse de la propiedad pagando a la recurrente $1,280,000 como valor razonable y justa compensación por dicha adquisición, o de no hacer esto dentro del término concedido para ello, se libre la propiedad

de dicha restricción, debiendo en tal caso los recurridos resarcir a la recurrente los daños y perjuicios sufridos.

El tribunal de instancia, a petición de los recurridos, desestimó la demanda porque no alegaba que la recurrente había acudido previamente a la Junta de Planificación en solicitud de que le fueran eliminadas, dejadas sin efecto, revocadas o modificadas las alegadas restricciones o limitaciones; que de acuerdo con *Waymouth Corp.* v. *Junta de Planificación*, 80 D.P.R. 619, 622 (1958), la restricción para uso público no significa que el derecho de propiedad esté totalmente suspendido pues la Junta puede aceptar el conceder variaciones a la restricción; que los canales administrativos deben ser previamente agotados según dictaminamos en *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506, 512 (1964).

No conforme, apunta la recurrente que el tribunal de instancia incidió porque "existía para dicha demandante recurrente una elección de remedios entre ése que señala el tribunal a quo el de recurrir a la agencia administrativa y la acción judicial directa ante el Tribunal Superior de San Juan . . . . En este sentido, es significativo señalar que basado en estos preceptos constitucionales el derecho que surge a favor de la demandante-recurrente es independiente del uso a que ella quiera dedicar la propiedad en cuestión. Por tal motivo, es irrelevante el que ella haya solicitado o no bajo el Artículo 9.00 del Reglamento Núm. 4 de Planificación una variación o modificación a la restricción del uso a que estaba sujeta la propiedad con motivo de que estuviese incluída en un mapa oficial"; que en efecto la recurrente ha alegado una causa de acción denominada *inverse taking* o *inverse condemnation*.

■ Presumiblemente la recurrente fundamenta su acción en lo dispuesto en el Art. 2 de la Ley Núm. 104 de 1955 (32 L.P.R.A. sec. 3077 (b)), que autoriza acciones en contra del Estado para reivindicar propiedad mueble o inmueble o

derecho sobre los mismos. Pero es que el Art. 4 de dicha ley (32 L.P.R.A. sec. 3079) dispone que nada de lo dispuesto en el artículo previamente citado afectará las acciones para las cuales existe legislación específica, las que seguirán rigiéndose por las leyes aplicables. Tal legislación específica existe bajo el Reglamento de Planificación Núm. 4 de 22 de junio de 1955 (23 R.&R.P.R. sec. 9–52(b)(4)) y el Art. 26 de la Ley de Planificación y Presupuesto de Puerto Rico (23 L.P.R.A. sec. 28) en relación con casos como el que nos ocupa.

Dijimos en *Waymouth,* supra, págs. 622, 623, que:

"El hecho de que gran parte de estos terrenos estén separados para uso público no significa que el derecho de propiedad de los mismos esté totalmente suspendido.

Lo más aconsejable en este momento es devolver el caso para que la Junta determine no sólo la razonabilidad del tiempo que ha transcurrido desde la declaración de la reserva para uso público, sin que el Estado haya iniciado el trámite de la expropiación, sino también cuánto tiempo más durará el trámite de la expropiación para que este Tribunal esté en condiciones de determinar, como cuestión de derecho, si la negativa a que su dueño use de su propiedad, resulta arbitraria, irrazonable o confiscatoria."

■ Es doctrina consagrada en esta jurisdicción en casos como éste que no se puede recurrir a la acción judicial hasta que no se hayan agotado los recursos administrativos disponibles. *E.L.A.* v. *12,974.78 Metros Cuadrados,* supra; *López* v. *Junta de Planificación,* 80 D.P.R. 646, 666 (1953).

■ Se puede prescindir del requisito de agotar el recurso administrativo en casos en que se muestre que (1) la acción administrativa ha de causar un daño inminente material, sustancial, y no teórico o especulativo, en que el balance de conveniencias entre los daños que pueden ocasionarse y la norma en cuestión justifican una desviación de ésta; (2) el recurso administrativo constituye una gestión inútil, inefectiva y que no ofrece proveer un remedio adecuado. *Abelleira*

v. *District Court of Appeal, Third District*, 109 P.2d 942
(Cal. 1941) ; *State Personnel Board* v. *Superior Court*, 345
P.2d 978 (Cal. App. 1959) ; *Greenblatt* v. *Munro*, 326 P.2d
929 (Cal. App. 1958) ; Davis, *Administrative Law Treatise*,
Vol. III, sec. 20.07, p. 97; Davis, *Administrative Law Doc-
trines of Exhaustion of Remedies, Ripeness for Review and
Primary Jurisdiction*, 28 Texas L. Rev. 168, 174 (1949).

En el caso ante nos, no aparece que la referida restricción
de uso de la propiedad, la cual se ha tolerado sin objeción
por unos 14 años, habrá de causar daños de la naturaleza
indicada que justifiquen el excusar a la recurrente de agotar
el remedio administrativo.

La recurrente apunta que ha agotado los procedimientos
administrativos ya que oportunamente consultó a la Junta
de Planificación sobre la ubicación de un proyecto de urba-
nización residencial en la finca en cuestión y que dicha Junta
determinó que no consideraba viable la urbanización de di-
chos terrenos "debido a que los mismos fueron reservados
como derecho de vía para el futuro 'Expreso Ramal Este'."
El Procurador General apunta que esto no es así porque no
consta que la recurrente apelara a la Junta de Apelaciones
de dicho dictamen en la forma que provee el Art. 26 de la
Ley de Planificación y Presupuesto de Puerto Rico (23
L.P.R.A. sec. 28).([1])

■ Como parte de la norma que exige el agotar los pro-
cedimientos administrativos antes de acudir a los tribunales,
es requisito el que se agote el trámite apelativo-administrativo
disponible. *Abelleira*, supra; *City of Edwardsville* v. *Illinois
Commerce Com'n.*, 104 N.E.2d 283 (Ill. 1952) ; *Application
of Alex Argyros*, 245 F.Supp. 190 (U.S.D.C. N.Y. 1965) ;
Davis, *Administrative Law Treatise*, Vol. II, sec. 20.08, p. 104.

---

([1]) El Procurador General se ha limitado a apuntar el requisito de
apelación. La mejor práctica es el habernos ilustrado sobre la procedencia
del trámite apelativo en este caso y con respecto a los fundamentos y
autoridades en que basa su apuntamiento.

En vista de que la resolución de la Junta de Planificación de la referida consulta de ubicación constituye un dictamen sobre el uso de terrenos, la recurrente pudo, no tan sólo solicitar la reconsideración de dicha resolución, sino también apelar de la misma para ante la Junta de Apelaciones. (23 L.P.R.A. sec. 28; 23 R.&R.P.R. secs. 9–51 a 9–54.) (²)

Lo expuesto no debe entenderse como impedimento alguno a que la recurrente agote cualesquiera recursos administrativos disponibles en derecho para que se libre la finca en cuestión de la limitación de uso a que ha quedado sujeta o para que se expropie la misma o en caso de que no hubiere disponible o no se obtenga el remedio administrativo adecuado, a cualquier recurso judicial dirigido a tales fines.

En vista de que no ha tomado la acción administrativa disponible en relación con el referido dictamen de la Junta, es forzoso concluir que la recurrente no ha agotado el procedimiento administrativo provisto en derecho para casos como éste y, por lo tanto, *debe confirmarse la sentencia del tribunal de instancia.*

El Señor Juez Presidente y los Jueces Asociados Señores Hernández Matos y Dávila no intervinieron.

---

(²) El Art. 26 (23 L.P.R.A. sec. 28) de la Ley de Planificación dispone que "Cualquier parte directamente interesada en la expedición o denegación de un permiso . . . de uso de terrenos o edificios . . . podrá presentar en la Junta de Apelaciones copias certificadas . . . de cualquier acuerdo o resolución de la Junta de Planificación . . . para ser revisada por la Junta de Apelaciones." En la práctica, el dictamen negativo de la Junta de Planificación en consultas de ubicación son llevados ante la Junta de Apelaciones y revisados por ésta bajo la autoridad de dicha disposición.