Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| XIOMARA SANTANA MORA<br><br>Recurrente<br><br>v.<br><br>FREDDIE L. GARY<br><br>Recurrido | KLRA202300626 | Revisión procedente de la Administración para el Sustento de Menores<br><br>Caso Núm.: 0604604<br><br>Sobre: Filiación y Alimentos |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

**I.**

El 6 de diciembre de 2023, la señora Xiomara Santana Mora (señora Santana Mora o recurrente) presentó una *Revisión de decisión administrativa* en la que solicitó que revoquemos una *Orden* emitida por la Administración para el Sustento de Menores (ASUME o agencia administrativa) el 26 de septiembre de 2023, notificada y archivada en autos ese mismo día.[1] En el dictamen, la ASUME declaró No Ha Lugar una petición de la señora Santana Mora para que la agencia administrativa no requiriera someter al señor Freddie L. Gary (señor Gary o recurrido) a pruebas de paternidad en la reclamación de filiación y alimentos que la recurrente promueve en contra de este último. En cambio, la recurrente pidió que la agencia administrativa resolviera que el señor Gary es el padre de la menor en cuyo beneficio radicó la acción, independientemente del

---

[1] Apéndice de la *Revisión de decisión administrativa*, Anejo 4, págs. 8-10.

resultado de dichas pruebas. La solicitud, a su vez, se basó en que el señor Gary reconoció voluntariamente la paternidad en un contrato suscrito por las partes.

El 11 de diciembre de 2023, emitimos una *Resolución* en la que le concedimos al señor Gary hasta el 8 de enero de 2024 para presentar su alegato.

El 8 de enero de 2024, el señor Gary radicó una *Moción de desestimación a recurso de revisión administrativa por falta de jurisdicción al amparo de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones* en la que solicitó la desestimación del recurso porque la determinación recurrida era una orden interlocutoria y, por esa razón, esta Curia carecía de jurisdicción para revisarla, en esa etapa de los procedimientos.

El 9 de enero de 2024, emitimos una *Resolución* en la que expresamos que la moción de desestimación sería adjudicada oportunamente y le ordenamos al recurrido presentar su postura en cuanto al recurso en o antes del 18 de enero de 2024.

El 11 de enero de 2024, el señor Gary presentó una *Moción de reconsideración a la Resolución del 9 de enero de 2024 & Moción de desestimación supletoria* en la que esbozó algunos asuntos jurisdiccionales adicionales que, a su entender, justificaban la desestimación del recurso.

El 16 de enero de 2024, emitimos una *Resolución* en la que concedimos sendos términos: (1) a la señora Santana Mora hasta el 23 de enero de 2024 para expresar su postura sobre la moción de reconsideración del recurrido; y (2) al señor Gary hasta el 29 de enero de 2024 para que presentara su postura sobre los méritos del recurso.

El 22 de enero de 2024, la señora Santana Mora radicó una *Moción en oposición a solicitud de desestimación* en la que solicitó que declaremos No Ha Lugar la moción del recurrido.

El 29 de enero de 2024, el señor Gary presentó un alegato en oposición al recurso en el que reiteró su planteamiento de falta de jurisdicción de esta Curia y argumentó, en sus méritos, en contra de los errores señalados por la señora Santana Mora.

Cumplidas nuestras *Resoluciones* estamos en posición de resolver y procedemos de conformidad. Por lo cual, pormenorizaremos los hechos procesales atinentes al presente recurso.

**II.**

El caso de marras tiene su génesis el 26 de enero de 2023 cuando la señora Santana Mora radicó una solicitud de filiación y pensión alimentaria ante la ASUME en beneficio de una menor que, según alegó, era hija de las partes. En respuesta, el señor Gary negó ser el padre de la menor.

El 6 de septiembre de 2023, la ASUME emitió una *Orden* en la que, entre otras cosas, consignó que se realizaban gestiones ante un laboratorio contratado por la agencia administrativa para que las partes se sometieran a pruebas genéticas de paternidad, en conformidad con las exigencias del Reglamento del Procedimiento Administrativo Expedito de la ASUME, Reglamento Núm. 7583 de 10 de octubre de 2008 (Reglamento Núm. 7583) cuando no existe un reconocimiento voluntario de paternidad por el presunto padre.[2]

El 25 de septiembre de 2023, la recurrente presentó una *Moción informando contrato de inseminación suscrito por demandado* en el que arguyó que las pruebas genéticas eran innecesarias porque las partes habían suscrito un contrato de consentimiento para

---

[2] Notificada y archivada en autos el 22 de septiembre de 2023. Íd., Anejo 2, págs. 3-5.

inseminación artificial en el que aceptaron ser los padres legítimos de la criatura resultante del procedimiento.[3] Además, apuntó que la menor comoquiera podría ser hija biológica del señor Gary porque las partes mantuvieron su relación íntima durante ese periodo.

El 26 de septiembre de 2023, la ASUME emitió una *Orden* en la que declaró No Ha Lugar la petición de la señora Santana Mora.[4]

El 28 de septiembre de 2023, la recurrente radicó una *Reconsideración* en la que solicitó a la ASUME que reconsiderara su dictamen y, en su lugar, determinara la filiación de la menor.[5]

El 9 de noviembre de 2023, la ASUME emitió una *Orden* en la que declaró No Ha Lugar la reconsideración solicitada.[6]

El 27 de noviembre de 2023, la ASUME emitió una *Resolución* final en la que declaró No Ha Lugar la petición de filiación y pensión alimentaria promovida por la señora Santana Mora.[7] Según determinó, las pruebas genéticas de paternidad arrojaron que el señor Gary no era el padre biológico de la menor.

En desacuerdo, la señora Santana Mora presentó el recurso de revisión judicial de epígrafe en el que solicitó la revisión de la *Orden* emitida por la ASUME **el 26 de septiembre de 2023**, cuya reconsideración fue denegada el 9 de noviembre de 2023. En específico, le imputó a la agencia administrativa la comisión de los siguientes tres errores:

> PRIMER ERROR: ERRÓ [LA] ASUME AL NO DAR NING[Ú]N PESO PROBATORIO A LA PRUEBA DOCUMENTAL DE INSEMINACI[Ó]N ARTIFICIAL CON DONANTE DE ESPER[M]A AN[Ó]NIMO SOMETIDA AS[Í] COMO A LA DECLARACI[Ó]N UNILATERAL DE VOLUNTAD CONTENIDA EN DICHOS DOCUMENTOS.
>
> SEGUNDO ERROR: ERRÓ [LA] ASUME AL DETERMINAR QUE LA PRUEBA DE ADN ERA LA [Ú]NICA FORMA DE FILIACI[Ó]N POSIBLE CONFORME AL REGLAMENTO DE LA AGENCIA.

---

[3] Íd., Anejo 3, págs. 6-7.
[4] Íd., Anejo 4, págs. 8-10.
[5] Íd., Anejo 5, págs. 11-12.
[6] Notificada y archivada ese mismo día. Íd., Anejo 7, págs. 23-24.
[7] Notificada y archivada el 28 de noviembre de 2023. Íd., Anejo 8, págs. 25-29.

TERCER ERROR: ERR[Ó] [LA] ASUME AL NO GARANTIZAR EL DEBIDO PROCESO DE LEY A LA RECURRENTE EN LA VISTA CELEBRADA HABER DECLARADO NO HA LUGAR [LA] MOCI[Ó]N RECONSIDERAC[I]ON Y AL NO CONSIDERAR LAS CIRCUNSTANCIAS DEL CASO. SU DETERMINACI[Ó]N ES ARBITRARIA, CAPRICHOSA Y DENOTA PARCIALIDAD.

El 8 de enero de 2024, el señor Gary radicó una *Moción de desestimación a recurso de revisión administrativa por falta de jurisdicción al amparo de la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones* en la que argumentó que esta Curia carecía de jurisdicción porque la *Orden* recurrida era una orden interlocutoria de la ASUME, la que no es revisable salvo ciertas excepciones.

El 9 de enero de 2024, emitimos una *Resolución* en la que determinamos que oportunamente adjudicaríamos la solicitud de desestimación.

El 11 de enero de 2024, el recurrido presentó una *Moción de reconsideración a la Resolución del 9 de enero de 2024 & Moción de desestimación supletoria* en la que argumentó que: (1) la señora Santana Mora incumplió con notificar la reconsideración presentada ante la ASUME como lo requiere el Reglamento Núm. 7583; (2) la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (LPAU), 3 LPRA secs. 9601 *et seq.* y el Reglamento Núm. 7583 no permiten la revisión de órdenes o resoluciones interlocutorias; y (3) posterior a la *Orden* recurrida, el 27 de noviembre de 2023, la ASUME emitió una *Resolución* final sobre el asunto, la cual advino final y firme sin que fuera cuestionada. Según alegó, este último hecho tornó académico el presente recurso.

El 22 de enero de 2024, la señora Santana Mora radicó una *Moción en oposición a solicitud de desestimación* en la que solicitó que declaremos No Ha Lugar la moción del recurrido y, en consecuencia, atendamos el recurso en sus méritos.

El 29 de enero de 2024, el señor Gary presentó un alegato en oposición al recurso en el que reiteró que esta Curia carece de jurisdicción para atender el recurso y planteó que, en todo caso, la ASUME no incidió en los errores señalados por la recurrente.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, nos autoriza a desestimar un recurso por falta de jurisdicción.

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resaltan dos de ellas debido a su pertinencia: la falta de madurez y la doctrina de academicidad. En primer lugar, un recurso es prematuro cuando se presenta antes de que el tribunal tenga jurisdicción para atenderlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022); *Torres Martínez v. Torres Gighliotty,* 175 DPR 83, 97 (2008). Es decir, es prematuro cuando se radica previo a que haya nacido autoridad judicial para considerar el asunto y, por ello, su presentación carece de eficacia. *Torres Martínez v. Torres Gighliotty,* supra, pág. 98. En segundo lugar, la doctrina de academicidad requiere que todo pleito presente una controversia real entre las partes. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 73 (2017). Un recurso se convierte en académico cuando la controversia que presenta deja de existir con el paso del tiempo, debido a cambios en los hechos o en el derecho. Íd. Empero, como excepción, los tribunales pueden atender un caso, aunque sea académico, en los siguientes escenarios: (1) cuando se plantea una cuestión recurrente o susceptible de volver a ocurrir y que tienda a evadir la revisión judicial; (2) cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente; o (3) cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales vigentes. Íd., págs. 73-74.

**B.**

Como norma general, nuestra jurisdicción para revisar un recurso de revisión judicial se circunscribe a determinaciones finales de las agencias administrativas. Así lo prescribe la Ley de la

Judicatura, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA secs. 24 *et seq*, al establecer en su Art. 4.006(c) que esta Curia revisará las decisiones, órdenes y resoluciones <u>finales</u> de los organismos o agencias administrativas. 4 LPRA sec. 24y. Así también lo reconoce la LPAU, *supra*, en su sección 4.2 al disponer que la revisión judicial se limitará a las órdenes o resoluciones finales de los organismos administrativos, siempre que la parte afectada haya agotado todos los remedios provistos por la agencia concernida. 3 LPRA sec. 9671.

Ahora bien, la sección 4.3 de la LPAU, *supra* sec. 9673, reconoce varias instancias que permiten preterir la doctrina de agotamiento de remedios, a saber: (1) cuando el remedio sea inadecuado; (2) cuando requerir el agotamiento del remedio resultaría en un daño irreparable a la parte y en el balance de intereses no se justifique agotar el remedio; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios por la dilación excesiva en los procedimientos; (5) cuando se presente un caso claro de falta de jurisdicción de la agencia; o (6) cuando se trate de un asunto estrictamente de derecho y la pericia administrativa sea innecesaria. La inclusión en la LPAU, *supra*, de estas causas para prescindir del requisito de agotar remedios reflejó directamente la jurisprudencia que reconocía cuándo podía atenderse un caso, aunque quedaran remedios administrativos disponibles. Véase ***J. Exam. Tec. Med. V. Elía et al.,*** 144 DPR 483, 491-492 (1997); ***Viuda de Iturregui v. E.L.A.,*** 99 DPR 488, 491-492 (1970); ***Vélez Ramírez v. Romero Barceló,*** 112 DPR 716, 723 (1982).

Basándose en estos fundamentos, este Panel ha sido consistente en desestimar por falta de jurisdicción aquellos recursos en los que se solicita la revisión de órdenes o resoluciones

interlocutorias de agencias administrativas, tal como en el caso de autos. Véanse ***Jonathan Santiago Torres v. Departamento de Corrección y Rehabilitación,*** KLRA202300378 (el organismo administrativo ordenó la celebración de una nueva vista en el proceso disciplinario en contra de un confinado); ***Oficina de Ética Gubernamental v. Rodríguez Mateo,*** KLCE202300889 (la agencia no había emitido una determinación final y conservaba jurisdicción para atender la reclamación); ***Leonel Santiago López v. Departamento de Corrección y Rehabilitación,*** KLRA202300449 (la agencia no había emitido una decisión final porque el recurrente tenía disponible una reconsideración), entre otros.

**IV.**

En el caso de marras se solicita la revisión de una *Orden* interlocutoria de la ASUME en la que se declaró No Ha Lugar una petición de la señora Santana Mora para que la agencia no requiriera someter al señor Gary a una prueba de paternidad. Así lo denota tanto la totalidad del recurso de revisión judicial promovido como la *Moción en oposición a solicitud de desestimación radicada por el recurrido* presentada por la recurrente. Posterior al dictamen recurrido, la reclamación siguió su curso, toda vez que, como surge del expediente, **se señaló la celebración de una vista** el 14 de noviembre de 2023 y la recurrente radicó una *Moción informativa de presentación de prueba documental* en la que sometió evidencia para dicho señalamiento.[8] Adviértase que, el 27 de noviembre de 2023, la ASUME emitió una *Resolución* final en la que declaró No Ha Lugar la petición de filiación y pensión alimentaria promovida por la recurrente. Sin embargo, ni en este recurso ni en ningún otro se solicitó la revisión de esa determinación final. Así, dicha *Resolución* advino final y firme.

---

[8] Íd., Anejo 6, págs. 13-22.

Tras un análisis objetivo, sereno y cuidadoso del expediente, resulta evidente que carecemos de jurisdicción para atender el presente recurso, toda vez que su presentación fue prematura y su controversia se tornó académica. La *Orden* de la ASUME cuya revisión se solicita no es una determinación final, sino un dictamen interlocutorio en el proceso administrativo de filiación y pensión alimentaria que promovía la señora Santana Mora. Por ello, el dictamen constituyó un incidente preliminar en la consideración del caso por la ASUME.

Tampoco están presentes ninguna de las excepciones que permiten preterir la doctrina de agotamiento de remedios administrativos. Esta realidad implica que la presentación del recurso fue prematura y, por ello, nos priva de jurisdicción. Además, la *Resolución* emitida por la ASUME el 27 de noviembre de 2023, la cual advino final y firme, tornó académica la controversia planteada por el recurso, puesto que adjudicó la reclamación en su totalidad. Al así hacerlo, privó a esta Curia de autoridad jurídica para atender el recurso.

En vista de este cuadro fáctico, huelga destacar que este caso no constituye una de las instancias que permite preterir la doctrina de agotamiento de remedios, ni presenta uno de los escenarios que justifican atender una determinación interlocutoria de la agencia. Teniendo oportunidad para ello, la recurrente no argumentó que el caso presentara una de estas causas. Por lo que procede no intervenir con una determinación interlocutoria de la agencia administrativa, ante los hechos particulares de este caso.

**V.**

Por los fundamentos pormenorizados, se *desestima* el recurso por falta de jurisdicción.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  El Juez Sánchez Ramos disiente, pues este Tribunal tiene la autoridad para, y debió, acoger el recurso de referencia, presentado el 6 de diciembre de 2023, como una oportuna solicitud de revisión judicial de la decisión final de la agencia, notificada el 28 de noviembre de 2023, por lo cual no procede la desestimación del mismo.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones