Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| NELSON SANTOS ÁLAMO | | |
|---|---|---|
| RECURRENTE | | *Revisión Judicial* procedente de la Junta de Gobierno de la Universidad de Puerto Rico |
| v. | KLRA202500245 | Apelación Administrativa Núm.: JG-23-02 |
| UNIVERSIDAD DE PUERTO RICO EN HUMACAO | | |
| RECURRIDA | | Sobre: Impugnación Proceso de Convocatoria y Nombramiento |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez, Pagán Ocasio y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2025.

## I.

El 30 de abril de 2025, el señor Nelson Santos Álamo (señor Santos Álamo o recurrente) presentó una *Solicitud de revisión* en la que solicitó que revoquemos parcialmente una *Decisión de apelación de la Junta de Gobierno Enmendada Enmendada [sic] Nunc Pro Tunc DAJG 3 (2024-2025)* emitida por la Junta de Gobierno de la Universidad de Puerto Rico (Junta de Gobierno o foro administrativo) el 13 de febrero de 2025, notificada al día siguiente.[1] En la determinación, la Junta de Gobierno declaró Ha Lugar una apelación interpuesta por el señor Santos Álamo en lo que respecta a la decisión de desestimar el caso bajo la doctrina de academicidad y revocó parcialmente una determinación de la Junta de Apelaciones del Personal No Docente (JAPND) de la institución, devolviendo el recurso a dicho ente para la continuación de los procedimientos.

---

[1] Apéndice de la *Solicitud de revisión,* Anejo 1, págs. 1-4.

Como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia de la Universidad de Puerto Rico en Humacao (UPRH).

Considerando que la determinación recurrida es un dictamen interlocutorio de la Junta de Gobierno, no estamos ante una decisión final de una agencia administrativa.

**II.**

El caso de marras tuvo su génesis cuando el señor Santos Álamo radicó ante la JAPND un *Escrito de apelación* con fecha del 23 de diciembre de 2016 para impugnar una determinación del Rector Interino de la UPRH en la que se le informó que no fue seleccionado para el puesto de Oficial de Finanzas II.[2]

Luego de múltiples trámites procesales, el 13 de febrero de 2023, la JAPND emitió, notificó y archivó en autos una *Decisión y orden* en la que desestimó el recurso del recurrente por académico y ordenó su archivo y cierre.[3]

El 13 de marzo de 2023, el señor Santos Álamo presentó un *Escrito de apelación* ante la Junta de Gobierno en el que solicitó la revocación de la *Decisión y orden* emitida por la JAPND.[4]

Entretanto, la UPRH radicó una *Oposición a escrito de apelación*, fechada el 24 de abril de 2023, en la que solicitó a la Junta de Gobierno que declarara No Ha Lugar la solicitud del recurrente.[5]

---

[2] Íd., Anejo 4, págs. 104-110.
[3] Íd., págs. 80-97.
[4] Íd., págs. 57-199.
[5] Íd., Anejo 5, págs. 200-213.

El 8 de enero de 2025, la Junta de Gobierno emitió una *Decisión de apelación de la Junta de Gobierno DAJG 3 (2024-2025)* en la que declaró Ha Lugar parcialmente la apelación, revocó la *Decisión y orden* de la JAPND y devolvió el caso para la continuación de los procesos.[6] En particular, señaló que le correspondía al señor Santos Álamo la oportunidad de presentar prueba sobre la posible violación del principio de mérito.

En lo que respecta a la impugnación de la Convocatoria 2016-10, así como la validez de la *Estipulación y Acuerdo Transaccional del apelante y la UPRH*, se declaró Sin Lugar y se confirmó la determinación de la JAPND de declararla válida.

En desacuerdo, el recurrente presentó una *Solicitud de reconsideración* con fecha del 4 de febrero de 2025 en la que solicitó a la Junta de Gobierno que reconsiderara su determinación.[7]

El 13 de febrero de 2025, la Junta de Gobierno emitió la *Decisión de apelación de la Junta de Gobierno Enmendada Enmendada [sic] Nunc Pro Tunc DAJG 3 (2024-2025)*[8] recurrida en la que pautó:

> Examinado el escrito de Apelación, presentado el 13 de marzo de 2023 por el Sr. Nelson Santos Álamo, por conducto de su representación legal, en el cual solicita se deje sin efecto la decisión de la Junta de Apelaciones del Personal No Docente (JAPND). La Junta de Gobierno declaró HA LUGAR la apelación interpuesta en lo que respecta a la decisión de desestimar el caso bajo la doctrina de academicidad y se revoque, en parte la Decisión y Orden de la JAPND del 13 de febrero de 2023. En consecuencia, se devuelve el caso a la JAPND para la continuidad de los procesos y que el Apelante tenga oportunidad de presentar prueba respecto a su alegación sobre si se le violó o no el principio de mérito al no ser seleccionado para el puesto.
>
> En lo que respecta a la impugnación de la Convocatoria 2016-10, así como que se decrete la validez de la Estipulación y Acuerdo Transaccional del Apelante y la Universidad de Puerto Rico en Humacao (UPRH), se declaró SIN LUGAR. En su consecuencia, se confirma la decisión de la JAPND del 13 de febrero del 2023 de declarar la Convocatoria 2016-10 válida, así como la Resolución del 5 de junio del 2021 de declarar la Estipulación y Acuerdo Transaccional inválida.

---

[6] Íd., Anejo 2, págs. 5-8. Notificada y archivada en autos el 15 de enero de 2025.
[7] Íd., Anejo 6, págs. 214-229.
[8] Íd., Anejo 1, págs. 1-4. Notificada y archivada en autos el 14 de febrero de 2025.

Los fundamentos para esta determinación están contenidos en el Informe de la Oficial Examinadora, el cual se adopta.[9]

Todavía inconforme, el señor Santos Álamo radicó una *Solicitud de reconsideración a decisión de apelación de la Junta de Gobierno Enmendada (Enmendada Nunc Pro Tunc) DAJG 3 (2024-2025)*, fechada el 17 de marzo de 2025, en la que reiteró su solicitud para que la Junta de Gobierno reconsiderara su dictamen.[10]

Presentada la reconsideración, la Junta de Gobierno no la atendió dentro del término estatutario para hacerlo y, así, la rechazó de plano.

Inconforme, el señor Santos Álamo presentó la *Solicitud de revisión* de epígrafe y le imputó al foro administrativo la comisión de los siguientes errores:

1) Erró la Junta de Gobierno de la UPR al adoptar el Informe de la Oficial Examinadora, Lcda. María Soledad Ramírez Becerra, del 12 de septiembre de 2024, el cual omite hechos materiales y no controvertidos por la parte recurrida en sus Determinaciones de Hechos.
2) Erró la Junta de Gobierno de la UPR al adoptar el Informe de la Oficial Examinadora, Lcda. María Soledad Ramírez Becerra, del 12 de septiembre de 2024 y confirmar la Resolución de la Junta de Apelaciones de la UPR del 5 de junio de 2021 de declarar inválida y no aprobar la Estipulación y Acuerdo Transaccional del recurrente y la UPRH.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y

---

[9] Íd., pág. 2.
[10] Íd., Anejo 7, págs. 230-249.

deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, nos autoriza a desestimar un recurso por falta de jurisdicción.

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta entre ellas por su pertinencia: la falta de madurez. Un recurso es prematuro cuando se presenta antes de que el tribunal tenga jurisdicción para atenderlo. *Pueblo v. Ríos Nieves,* 209 DPR 264, 274 (2022); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). Es decir, es prematuro cuando se radica previo a que haya nacido autoridad judicial para considerar el asunto y, por ello, su presentación carece de eficacia. *Torres Martínez v. Torres Ghigliotty,* supra, pág. 98.

**B.**

Como norma general, el recurso de revisión judicial se circunscribe a determinaciones finales de las agencias

administrativas. Así lo prescribe la Ley de la Judicatura, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA secs. 24 *et seq,* al establecer en su Art. 4.006(c) que esta Curia revisará las decisiones, órdenes y resoluciones <u>finales</u> de los organismos o agencias administrativas. 4 LPRA sec. 24y. Así también lo reconoce la LPAU, Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (LPAU), 3 LPRA secs. 9601 *et seq.*, en su sección 4.2 al disponer que la revisión judicial se limitará a las órdenes o resoluciones finales de los organismos administrativos, siempre que la parte afectada haya agotado todos los remedios provistos por la agencia concernida. 3 LPRA sec. 9671.

Ahora bien, la sección 4.3 de la LPAU, *supra* sec. 9673, reconoce varias instancias que permiten preterir la doctrina de agotamiento de remedios, a saber: (1) cuando el remedio sea inadecuado; (2) cuando requerir el agotamiento del remedio resultaría en un daño irreparable a la parte y en el balance de intereses no se justifique agotar el remedio; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios por la dilación excesiva en los procedimientos; (5) cuando se presente un caso claro de falta de jurisdicción de la agencia; o (6) cuando se trate de un asunto estrictamente de derecho y la pericia administrativa sea innecesaria. La inclusión en la LPAU, *supra*, de estas causas para prescindir del requisito de agotar remedios reflejó directamente la jurisprudencia que reconocía cuándo podía atenderse un caso, aunque quedaran remedios administrativos disponibles. Véase ***J. Exam. Tec. Méd. v. Elías et al.,*** 144 DPR 483, 491-492 (1997); ***Viuda de Iturregui v. E.L.A.,*** 99 DPR 488, 491-492 (1970); ***Vélez Ramírez v. Romero Barceló,*** 112 DPR 716, 723 (1982).

Basándose en estos fundamentos, este tribunal ha sido consistente en desestimar por falta de jurisdicción aquellos recursos

en los que se solicita la revisión de órdenes o resoluciones interlocutorias de agencias administrativas, tal como en el caso de autos. Véanse ***Jonathan Santiago Torres v. Departamento de Corrección y Rehabilitación,*** KLRA202300378 (el organismo administrativo ordenó la celebración de una nueva vista en el proceso disciplinario en contra de un confinado); ***Oficina de Ética Gubernamental v. Rodríguez Mateo,*** KLCE202300889 (la agencia no había emitido una determinación final y conservaba jurisdicción para atender la reclamación); ***Leonel Santiago López v. Departamento de Corrección y Rehabilitación,*** KLRA202300449 (la agencia no había emitido una decisión final porque el recurrente tenía disponible una reconsideración), entre otros.

## IV.

En el caso de marras, el señor Santos Álamo solicita la revisión de una *Decisión de apelación de la Junta de Gobierno Enmendada Nunc Pro Tunc DAJG 3 (2024-2025)* emitida por la Junta de Gobierno. Esa determinación es, a todas luces, un dictamen interlocutorio, el cual no está sujeto, de ordinario, a nuestra jurisdicción por falta de madurez. Como bien expresa el dictamen recurrido, la Junta de Gobierno revocó en parte la *Decisión y orden* de la JAPND y devolvió el caso a dicho foro "para la continuidad de los procesos y que el Apelante tenga oportunidad de presentar prueba respecto a su alegación sobre si se le violó o no el principio de mérito al no ser seleccionado para el puesto".[11] Esta y las demás determinaciones contenidas en el dictamen recurrido podrán ser objeto de revisión una vez se obtenga la dictamen final de la agencia administrativa. Tampoco estamos ante una de las circunstancias que permiten preterir dicha doctrina de abstención judicial, ni las disposiciones de la LPAU, *supra.*

---

[11] Íd., Anejo 1, pág. 2.

Por esas razones, resulta imperativo desestimar el recurso, toda vez que carecemos de jurisdicción para intervenir.

**V.**

Por todo lo anterior, se *desestima* la *Solicitud de revisión* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones